980 F.2d 743
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fausto J. SALVA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3507.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1992.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Fausto J. Salva petitions for review of a Merit Systems Protection Board decision, Docket No. SE08319110153, that affirmed the Office of Personnel Management's (OPM) reconsideration decision denying his application for a civil service retirement annuity. We affirm.
 
 
 2
 OPM denied Mr. Salva's request for reconsideration of its decision that his alleged service with the Philippine Insular Government from June 12, 1922 to November 14, 1935 did not entitle him to a deferred civil service retirement annuity because Mr. Salva had not shown that he was separated from a position covered by the civil service retirement system.
 
 
 3
 Mr. Salva appealed OPM's decision to the Board asserting that his service with the Bureau of Public Instruction for over 13 years constituted at least five years of "creditable" service with the Philippine Insular Government and that the "covered" service requirement did not apply to him because his separation occurred before 1954 when the statute was amended to expressly include the covered service requirement. In an initial decision issued on April 25, 1991, the Administrative Judge (AJ) affirmed OPM's reconsideration decision finding that even if Mr. Salva's service as a teacher for the Bureau of Public Instruction constituted creditable service for the Insular Government of the Philippines, Mr. Salva could not receive an annuity because he had failed to perform any period of federal service in a position covered by the civil service retirement system. Mr. Salva did not file a petition for review with the full Board. Therefore, on May 30, 1992, the AJ's initial decision became a final decision of the Board.
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Mr. Salva asserts that the Board erred in requiring that any portion of his allegedly creditable service as a teacher be in a position covered by the civil service retirement system.
 
 
 5
 To be eligible for a retirement annuity under the current statute an employee must complete at least five years of civilian service, and at least one of the last two years of service must be in a position covered by the civil service retirement system. 5 U.S.C. § 8333(a), (b) (1988). Because Mr. Salva does not contend that any of his service for the Bureau of Public Instruction was covered service, he fails to qualify for a retirement annuity under the current law. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden of producing evidence to support an annuity claim).
 
 
 6
 Failure to meet the "one out of two" covered service requirement of section 8333, however, does not deprive Mr. Salva of any annuity rights that may have attached at the time of a previous separation. 5 U.S.C. § 8333(b) (1988). At the time of Mr. Salva's involuntary separation from his alleged employment with the Insular Government of the Philippines in 1935, the civil service annuity law in effect required an individual to have rendered at least 15 years of classified civil service for the United States. Act of May 29, 1930, ch. 349, §§ 1, 3, 46 Stat. 468, 470 (codified as amended at 5 U.S.C. § 8333 (1988)). Mr. Salva does not contend that he performed 15 years of service for the Insular Government; at best he was employed for 13 years and five months. Having failed to meet at least one of the requirements of the 1930 Act, Mr. Salva cannot qualify for a retirement annuity under that law as well.